IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-315
 No. COA20-560

 Filed 6 July 2021

 Mecklenburg County, No. 18-CVS-23022

 WELLS FARGO BANK, N.A., as Trustee of the JANE RICHARDSON
 MCELHANEY REVOCABLE TRUST, WELLS FARGO BANK, N.A., as Trustee of
 the SAMUEL CLINTON MCELHANEY REVOCABLE TRUST, and WELLS
 FARGO BANK, N.A., as Executor of the ESTATE OF JANE RICHARDSON
 MCELHANEY, Plaintiffs,

 v.

 ORSBON & FENNINGER, LLP, and R. ANTHONY ORSBON, Defendants.

 Appeal by Defendants from order entered 3 March 2020 by Judge Donnie

 Hoover in Mecklenburg County Superior Court. Heard in the Court of Appeals

 24 March 2021.

 McGuireWoods, L.L.P., by T. Richmond McPherson, III and Anne L. Doherty,
 for Plaintiffs-Appellees.

 Brooks Pierce McClendon Humphrey & Leonard, L.L.P., by Gary S. Parsons
 and Kimberly M. Marston, for Defendants-Appellants.

 COLLINS, Judge.

¶1 Anthony Orsbon and his law firm, Orsbon & Fenninger, LLP, (collectively,

 “Defendants”) appeal from an order denying their motion for summary judgment on

 certain defenses and granting Wells Fargo Plaintiffs’ motion for partial summary
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 judgment. Defendants argue that the trial court erred by denying their motion for

 summary judgment as to the defenses of collateral estoppel and election of remedies

 and granting Wells Fargo Plaintiffs summary judgment on those defenses. Because

 Defendants have not shown sufficient grounds for immediate appellate review of the

 trial court’s interlocutory order as to the election of remedies defense, we deny

 Defendants’ petition for writ of certiorari and dismiss Defendants’ arguments

 concerning that defense. Because Defendants cannot show that each element of

 collateral estoppel is satisfied, we affirm the trial court’s order as to that defense.

 I. Procedural History

¶2 The present action follows a declaratory judgment action (“Declaratory

 Action”) brought by Wells Fargo Bank, N.A., as trustee of the Jane Richardson

 McElhaney Revocable Trust (“Wells Fargo as Jane’s Trustee”), and a claim for

 reformation of that trust (“Reformation Claim”) brought by Jacob and Julia

 McElhaney. On 7 December 2018, the Mecklenburg County Superior Court

 announced its ruling from the bench on a motion for summary judgment and

 judgment on the pleadings in those actions.

¶3 The same day, Wells Fargo as Jane’s Trustee, along with Wells Fargo Bank,

 N.A., as trustee of the Samuel Clinton McElhaney Revocable Trust, and Wells Fargo

 Bank, N.A., as executor of the Jane Richardson McElhaney Estate (together, “Wells

 Fargo Plaintiffs”) brought this action against Defendants alleging negligence and
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 legal malpractice. Simultaneously, Jacob and Julia McElhaney brought an action

 against Defendants alleging negligence, legal malpractice, and breach of contract

 arising from the same set of facts. Upon consent motions in both cases, the trial court

 consolidated the actions for the purposes of discovery. With leave of the trial court,

 Defendants filed amended answers in each action. Defendants asserted as defenses

 that each of the plaintiffs lacked standing and that collateral estoppel and election of

 remedies barred each of the plaintiffs’ claims. Defendants also contended that Wells

 Fargo Plaintiffs’ claims were barred by contributory negligence and the equitable

 doctrines of estoppel and laches.

¶4 Defendants moved for summary judgment in both actions on their defenses of

 collateral estoppel and election of remedies, as well as an alleged lack of damages

 from some or all of Defendants’ alleged negligent acts. Defendants also moved for

 summary judgment against Wells Fargo Plaintiffs on the defense of lack of standing.

 Wells Fargo Plaintiffs moved for partial summary judgment on standing, collateral

 estoppel, equitable estoppel, laches, and election of remedies. Likewise, Jacob and

 Julia McElhaney moved for partial summary judgment on standing, collateral

 estoppel, and election of remedies.

¶5 In a consolidated order (“Order on Appeal”), the trial court granted the motions

 for partial summary judgment by Wells Fargo Plaintiffs and Jacob and Julia

 McElhaney and denied Defendants’ motions. Defendants timely appealed.
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 II. Factual Background

 A. The Estate Planning Documents

¶6 In May 1996, both Samuel and Jane McElhaney established revocable trusts,

 Samuel’s Trust and Jane’s Trust, respectively. In the fall of 2010, attorney Anthony

 Orsbon (“Orsbon”) assisted Samuel and Jane in amending these trusts and preparing

 other estate planning documents. On 12 October 2010, Samuel and Jane executed

 separate trust agreements amending and restating their trusts. As amended, both

 provided that the trust of the first spouse to die would be divided into a marital share

 and a family share, each share to be administered as a trust. During the surviving

 spouse’s lifetime, he or she would be entitled to certain distributions from both the

 marital trust and the family trust.

¶7 Upon the surviving spouse’s death, the surviving spouse’s entire trust would

 be allocated to the family share which, along with any remains of the marital share,

 would be distributed to an identified set of beneficiaries (“Specific Beneficiaries”).

 Following amendments in 2011, Samuel’s and Jane’s Trusts each provided for

 identical bequests to identical lists of Specific Beneficiaries, comprised of relatives

 and private organizations.

¶8 Each Specific Beneficiary would receive both the bequest provided in Samuel’s

 Trust and the bequest provided in Jane’s Trust. The surviving spouse held a limited

 power of appointment “at any time and from time to time by and through [his or her]
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 Last Will and Testament to reduce or decrease any or all bequest amounts

 bequeathed to” the Specific Beneficiaries.

¶9 After disbursement to the Specific Beneficiaries, any remainder would be held

 by the trustee “for the benefit of [Samuel and Jane’s] grandchildren who are living at

 the Division Date.” Samuel and Jane’s one son, Scott McElhaney, had two children,

 Jacob and Julia McElhaney. Following Scott McElhaney’s death in 2010, Jacob and

 Julia (“Residuary Beneficiaries”) were the sole living descendants of Samuel and

 Jane. After Samuel died in August 2015, Jane consulted Orsbon concerning her

 estate planning documents. In October 2015, Orsbon provided drafts of updated

 estate documents to Jane’s Wells Fargo financial advisor, Linda Montgomery. In

 November, Montgomery had discussions with Orsbon concerning changes Jane

 desired to make to the draft documents.

¶ 10 On 8 December 2015, Jane executed a new Last Will and Testament (“Jane’s

 Will”) and an Amended and Restated Trust Agreement modifying her Trust. Jane’s

 Will disposed of certain personal property and otherwise left the remainder of her

 estate to her Trust via a pour-over clause. Jane’s Trust, as amended in 2015, stated

 that “[t]he Family Share shall be administered as a Family Trust” with a changed

 list of specific bequests. The amendment eliminated certain Specific Beneficiaries,

 reduced bequests to others, and added one new Specific Beneficiary. The remainder

 of Jane’s Trust after payment to the Specific Beneficiaries was to be divided in equal
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 shares and held in trust for Jane’s grandchildren or, if applicable, the issue of her

 deceased grandchildren. Jane died on 21 April 2017.

 B. The Declaratory Action and Reformation Claim

¶ 11 On 3 October 2017, Wells Fargo as Jane’s Trustee instituted the Declaratory

 Action in Mecklenburg County Superior Court. Its petition for declaratory judgment

 included the following allegations:

 22. Specifically, as [Jane’s] Trust does not provide
 for the creation and disposition of a Family Share or
 Family Trust, the reference to the Family Trust contained
 in [Jane’s] Trust creates a latent ambiguity as to whether
 by making such reference Jane intended to exercise her
 testamentary limited power of appointment over the
 Family Trust created under Samuel’s Revocable Trust.

 23. [Jane’s] Trust does not reference the
 testamentary limited power of appointment granted to
 Jane. Even if it did, the power of appointment granted to
 Jane was limited to the power to “reduce or decrease” the
 bequest of the specific beneficiaries named in Samuel’s
 Trust, and the provision in [Jane’s] Trust adds a
 beneficiary, Ellen McElhaney, which is not authorized by
 the testamentary limited power of appointment granted to
 Jane . . . .

 24. [Jane’s] Will does not reference the testamentary
 limited power of appointment granted to Jane in the
 Family Trust or any attempt to exercise such power of
 appointment.

 ....

 35. The Trustee is not aware of any evidence that
 would be admissible to clarify Jane’s intent in using the
 term “Family Share” and/or “Family Trust” in [Jane’s]
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 Trust.

¶ 12 Wells Fargo as Jane’s Trustee requested the trial court to:

 1. Declare that [Jane’s] Will did not exercise Jane’s
 testamentary limited power of appointment over the
 Family Trust.

 2. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that [Jane’s]
 Trust does not exercise Jane’s testamentary limited power
 of appointment over the Family Trust[.]

 3. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that the
 Trustee shall distribute the property of the Family Trust
 as set forth in . . . Samuel’s Revocable Trust.

 4. Absent the admissibility of evidence to clarify the
 latent ambiguity in [Jane’s] Trust sufficient to find that
 Jane exercised her testamentary limited power of
 appointment over the Family Trust, declare that the
 references to Family Share and Family Trust in [Jane’s]
 Trust refer to all of the property of [Jane’s] Trust and that
 the Trustee shall distribute the property of [Jane’s] Trust
 pursuant to the provisions of . . . the Trust.

¶ 13 On 19 March 2018, the Residuary Beneficiaries filed a response to the petition

 for declaratory judgment and asserted the Reformation Claim against Wells Fargo as

 Jane’s Trustee and the Specific Beneficiaries. The Residuary Beneficiaries alleged

 that

 [Jane’s] Trust’s express references to “The Family Share”
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 and “Family Trust” created under Samuel’s Revocable
 Trust, the substantial identity in beneficiaries between
 [Jane’s] Trust and Samuel’s Revocable trust, and [Jane’s]
 Trust’s reduction of the specific bequests set forth in
 Samuel’s Revocable Trust each are indicative of Jane’s
 desire and intent to exercise the testamentary limited
 power of appointment granted to her under Samuel’s
 Revocable Trust.

 The Residuary Beneficiaries contended that additional extrinsic evidence “further

 reveals that Jane intended, through execution of her Will and the Trust, to exercise

 the testamentary limited power of appointment granted to her under Samuel’s

 Revocable Trust.”

¶ 14 The Residuary Beneficiaries sought reformation of Jane’s Trust under N.C.

 Gen. Stat. § 36C-4-415 on the ground that it “fail[ed] to include language clearly

 expressing Jane’s intent to exercise the testamentary limited power of appointment

 granted to her under Samuel’s Revocable Trust.” The Residuary Beneficiaries sought

 to eliminate the bequests to Specific Beneficiaries in Jane’s Trust as contrary to

 Jane’s intent.

¶ 15 Several of the Specific Beneficiaries moved for summary judgment and, in the

 alternative, judgment on the pleadings, arguing that reformation was not available

 as a matter of law. The Residuary Beneficiaries filed a brief and multiple affidavits

 in opposition. On 7 December 2018, the trial court orally announced its ruling:

 I did read everything because I wanted to make sure
 that in addition to the arguments that I went back and
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 reviewed everything in context of your arguments. . . . I
 read the depositions, read the affidavits, read the
 arguments and reformation and extrinsic evidence.

 ....

 [I]n reviewing everything that was provided to me
 regarding Jane’s [T]rust and the issue of power of
 appointment and whether it was exercised. . . . I have to
 find that I don’t see any issues of material fact in this case
 as relates to what her intentions were at the time of the
 execution.

 So as to the petition for declaratory judgment, I’m
 finding that Jane did not exercise her testamentary limited
 . . . power of appointment in either her will or her trust and
 that the claim for reformation will not be available based
 on the evidence of her intent at the time of execution. So
 again, as to the motion for summary judgment, I cannot
 find there are any genuine issues of material fact . . . .

 I will also grant the motion for judgment on the
 pleadings after reviewing the pleadings in the file in this
 case, and that will be my order.

¶ 16 The trial court entered a written order (“Underlying Order”) on 20 December

 2018 stating as follows:

 After review of the matters of record including, without
 limitation, the pleadings, including the Petition, the
 Counterclaim, the Crossclaim, the Answers, and the
 exhibits referenced therein, the parties’ submissions to the
 Court and materials filed in support of and in opposition to
 [the Specific Beneficiary] Movants’ Motions, including
 sworn deposition testimony, and having the benefit of legal
 briefs and oral argument by counsel for the parties, the
 Court finds and determines that there exists no genuine
 issue as to any material fact and that Movants are entitled
 to Judgment as a matter of law on all claims and causes of
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 action asserted in this action, except the Movants’ Motion
 for attorneys’ fees and costs . . . .

 The trial court granted the Specific Beneficiary Movants’ motion for summary

 judgment and, in the alternative, granted their motion for judgment on the pleadings.

 As to the petition for declaratory judgment, the trial court declared that Wells Fargo

 Bank, N.A., shall distribute the property in Samuel’s Trust and Jane’s Trust as

 written in the trust instruments. Finally, the trial court dismissed the Reformation

 Claim with prejudice. The Residuary Beneficiaries timely appealed to this Court, but

 withdrew their appeal after the parties entered into a confidential settlement

 agreement.

 C. The Negligence and Malpractice Actions

¶ 17 On 7 December 2018, shortly after the trial court orally announced its decision

 in the Declaratory Action and Reformation Claim, Wells Fargo Plaintiffs and the

 Residuary Beneficiaries filed their respective actions for negligence and legal

 malpractice. The trial court granted summary judgment in favor of Wells Fargo

 Plaintiffs and the Residuary Beneficiaries on the defenses of lack of standing,

 collateral estoppel, equitable estoppel, laches, and election of remedies, and against

 Defendants with respect to their defenses of collateral estoppel, election of remedies,

 standing, and the alleged lack of damages due to some or all of Defendants’ alleged

 negligent acts. Defendants appealed.
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 III. Appellate Jurisdiction

¶ 18 We first address whether Defendants’ appeal is properly before this Court. The

 Order on Appeal is interlocutory because it does not “dispose[] of the cause as to all

 the parties, leaving nothing to be judicially determined between them in the trial

 court.” See Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

 There is generally no right to immediate appeal of an interlocutory order. Goldston

 v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). The purpose of

 this rule is to “prevent fragmentary, premature and unnecessary appeals by

 permitting the trial court to bring the case to final judgment before it is presented to

 the appellate courts.” Fraser v. Di Santi, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218

 (1985) (citation omitted). A party may immediately appeal an interlocutory order,

 however, if the order “affects a substantial right claimed in any action or

 proceeding[.]” N.C. Gen. Stat § 1-277(a) (2021).

¶ 19 Defendants contend that the Order on Appeal is immediately appealable to the

 extent that its denial of their motion for summary judgment on the defense of

 collateral estoppel affects a substantial right. “The doctrine [of collateral estoppel] is

 designed to prevent repetitious lawsuits, and parties have a substantial right to avoid

 litigating issues that have already been determined by a final judgment.” Turner v.

 Hammocks Beach Corp., 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009). Thus, “[i]t is

 well established that the denial of a motion for summary judgment ‘affects a
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 substantial right when the motion . . . makes a colorable assertion that [a] claim is

 barred under the doctrine of collateral estoppel.’” Gray v. Fannie Mae, 264 N.C. App.

 642, 645, 830 S.E.2d 652, 655-56 (2019) (quoting Turner, 363 N.C. at 558, 681 S.E.2d

 at 773); see also Fox v. Johnson, 243 N.C. App. 274, 281, 777 S.E.2d 314, 321 (2015)

 (holding that appellants made a colorable assertion of collateral estoppel by including

 the defense in their answer and as a basis for their motion for judgment on the

 pleadings); Hillsboro Partners, LLC v. City of Fayetteville, 226 N.C. App. 30, 35, 738

 S.E.2d 819, 823 (2013) (concluding that appellant made a colorable assertion of

 collateral estoppel because the prior and instant lawsuits both arose from the same

 building demolition).

¶ 20 In this case, before the trial court, Defendants moved for summary judgment

 based on collateral estoppel. Defendants thoroughly briefed and argued each element

 of collateral estoppel and referenced numerous citations to caselaw and the

 evidentiary record. We conclude that Defendants have made a colorable assertion of

 collateral estoppel and the Order on Appeal may affect their “substantial right to

 avoid litigating issues that have already been determined by a final judgment.” See

 Turner, 363 N.C. at 558, 681 S.E.2d at 773. Accordingly, we will review the Order on

 Appeal’s denial of the defense of collateral estoppel.

¶ 21 Defendants aptly concede that no precedent holds that the denial of summary

 judgment on the defense of election of remedies affects a substantial right. Indeed,
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 “[t]he avoidance of one trial is not ordinarily a substantial right.” Green v. Duke

 Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). As such, Defendants have

 petitioned for a writ of certiorari requesting this Court to review the Order on Appeal

 as to their defense of election of remedies.

¶ 22 This Court may issue the writ of certiorari “in appropriate circumstances . . .

 to permit review of . . . orders of trial tribunals when . . . no right of appeal from an

 interlocutory order exists . . . .” N.C. R. App. P. 21(a). We assess petitions seeking

 review of interlocutory orders in light of our “general policy against the piecemeal

 review of” such orders. See Harbor Point Homeowners’ Ass’n ex rel. Bd. of Directors

 v. DJF Enterprises, Inc., 206 N.C. App. 152, 165, 697 S.E.2d 439, 448 (2010). We have

 emphasized that “the routine allowance of interlocutory appeals would have a

 tendency to delay, rather than advance, the ultimate resolution of matters in

 litigation.” Newcomb v. Cnty. of Carteret, 207 N.C. App. 527, 554, 701 S.E.2d 325,

 344 (2010).

¶ 23 Defendants argue that this Court should grant certiorari because (1) the issue

 of election of remedies “arises from substantially the same facts as the collateral

 estoppel issue; (2) the issue could be equally dispositive; (3) the issue is ripe; and (4) it

 would promote judicial economy by eliminating the need for a later appeal on this

 issue.” These arguments are unavailing because “similar considerations would

 support the issuance of a writ of certiorari in virtually any case in which a trial court
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 refuses to grant summary judgment” on one out of several affirmative defenses. See

 id. at 553, 701 S.E.2d at 344. Additionally, as Wells Fargo Plaintiffs argue, a decision

 by this Court on the merits of the issue would not necessarily dispose of all claims as

 to all parties. Accordingly, in our discretion, we deny Defendants’ petition for a writ

 of certiorari and decline to review the merits of their arguments concerning the

 defense of election of remedies.

 IV. Discussion

¶ 24 Defendants argue that the trial court erred by denying their motion for

 summary judgment on the defense of collateral estoppel and granting Wells Fargo

 Plaintiffs’ motion as to that defense. Summary judgment is proper where “the

 pleadings, depositions, answers to interrogatories, and admissions on file, together

 with the affidavits, if any, show that there is no genuine issue as to any material fact

 and that any party is entitled to a judgment as a matter of law.” N.C. Gen. Stat.

 § 1A-1, Rule 56(c) (2020). “The standard of review for summary judgment is de novo.”

 Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

¶ 25 “Under the collateral estoppel doctrine, parties and parties in privity with

 them are precluded from retrying fully litigated issues that were decided in any prior

 determination and were necessary to the prior determination.” Turner, 363 N.C. at

 558, 681 S.E.2d at 773 (alteration, citation, and quotation marks omitted). “The

 issues resolved in the prior action may be either factual issues or legal issues.” Doyle
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

v. Doyle, 176 N.C. App. 547, 549, 626 S.E.2d 845, 848 (2006). The party alleging

collateral estoppel must demonstrate

 that the earlier suit resulted in a final judgment on the
 merits, that the issue in question was identical to an issue
 actually litigated and necessary to the judgment, and that
 both the party asserting collateral estoppel and the party
 against whom collateral estoppel is asserted were either
 parties to the earlier suit or were in privity with parties.

State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996)

(emphasis added) (brackets, quotation marks, and citation omitted). For issues to be

considered “identical” to ones “actually litigated and necessary” to a previous

judgment:

 (1) the issues must be the same as those involved in the
 prior action, (2) the issues must have been raised and
 actually litigated in the prior action, (3) the issues must
 have been material and relevant to the disposition of the
 prior action, and (4) the determination of the issues in the
 prior action must have been necessary and essential to the
 resulting judgment.

State v. Summers, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citation omitted). “The

burden is on the party asserting [collateral estoppel] to show with clarity and

certainty what was determined by the prior judgment.” Miller Bldg. Corp. v. NBBJ

N.C., Inc., 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) (internal quotation

marks and citation omitted); accord Powers v. Tatum, 196 N.C. App. 639, 642, 676

S.E.2d 89, 92 (2009).
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

¶ 26 Defendants argue that the instant malpractice and negligence suits present

 the identical issue as the Declaratory Action and Reformation Claim: whether Jane

 intended to exercise her limited power of appointment. Defendants contend that this

 issue was actually litigated and that in the course of deciding the motions for

 summary judgment and judgment on the pleadings in the Declaratory Action and

 Reformation Claim, the trial court actually and necessarily determined that Jane did

 not intend to exercise her limited power of appointment.

¶ 27 Wells Fargo Plaintiffs respond that (1) the trial court did not actually

 determine whether Jane intended to exercise the power of appointment, but instead

 only determined that the issue of Jane’s intent was immaterial; (2) even if the trial

 court did determine the issue of Jane’s intent, that determination was unnecessary

 to the Underlying Order; (3) Wells Fargo Plaintiffs were not all parties in the

 Declaratory Action and Reformation Claim, so they did not all have a full and fair

 opportunity to litigate the issue; (4) the heavier burden of proof applicable to the

 Reformation Claim bars the application of collateral estoppel; and (5) the Declaratory

 Action and Reformation Claim involved different facts than the present action.

¶ 28 The Residuary Beneficiaries did raise the issue of Jane’s intent in the

 Declaratory Action. Specifically, they argued that a material issue of Jane’s intent

 precluded summary judgment as to the petition for declaratory judgment. They

 contended the issue was material to whether Jane had successfully exercised her
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 power of appointment by substantially complying with the terms set out in Samuel’s

 Trust, as required by N.C. Gen. Stat. § 31D-3-304.

¶ 29 The Residuary Beneficiaries also raised the issue of Jane’s intent while

 pursuing their Reformation Claim, which sought “to correct a mistake that occurred

 as the result of a scrivener’s error which caused [Jane’s Trust] to fail to conform the

 terms of trust to [Jane’s] intent.” Both the Residuary Beneficiaries and Specific

 Beneficiaries extensively litigated the issue of Jane’s intent prior to entry of the

 Underlying Order. Nonetheless, Defendants cannot meet their burden of showing

 “with clarity and certainty” that the issue of Jane’s intent was actually and

 necessarily determined by the Underlying Order. See Miller Bldg. Corp., 129 N.C.

 App. at 100, 497 S.E.2d at 435.

¶ 30 When the trial court orally announced its ruling, it stated in pertinent part

 that

 in reviewing everything that was provided to me regarding
 Jane’s [T]rust and the issue of power of appointment and
 whether it was exercised . . . . I have to find that I don’t see
 any issues of material fact in this case as relates to what her
 intentions were at the time of the execution.

 So as to the petition for declaratory judgment, I’m
 finding that Jane did not exercise her testamentary limited
 . . . power of appointment in either her will or her trust and
 that the claim for reformation will not be available based
 on the evidence of her intent at the time of execution. So
 again, as to the motion for summary judgment, I cannot
 find there are any genuine issues of material fact . . . .
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 (emphasis added).

 The written Underlying Order stated in pertinent part that

 there exists no genuine issue as to any material fact and
 that [the Specific Beneficiary] Movants are entitled to
 judgment as a matter of law on all claims and causes of
 action asserted in this action, except the Movants’ Motion
 for attorneys’ fees and costs . . . .

¶ 31 The Underlying Order granted the moving Specific Beneficiaries’ motion for

 summary judgment and, in the alternative, the motion for judgment on the

 pleadings.1 While the “slightest doubt” as to a material fact entitles a party opposing

 summary judgment to trial, Adventure Travel World, Ltd. v. Gen. Motors Corp., 107

 N.C. App. 573, 577, 421 S.E.2d 173, 176 (1992) (citation omitted), a dispute as to an

 immaterial fact will not preclude summary judgment, Capps v. City of Raleigh, 35

 N.C. App. 290, 293, 241 S.E.2d 527, 529 (1978). Likewise, “[j]udgment on the

 pleadings is proper when ‘the movant clearly establishes that no material issue of

 fact remains to be resolved and that he is entitled to judgment as a matter of law.’”

 1 We note that where “matters outside the pleadings are presented to and not excluded

 by the court,” a motion seeking judgment on the pleadings must be treated as a motion for
 summary judgment. See N.C. Gen. Stat. § 1A-1, Rule 12(c) (2018). Because the trial court
 explicitly stated that it considered matters outside the pleadings, it was improper to grant
 judgment on the pleadings in the alternative. See Battle v. Clanton, 27 N.C. App. 616, 618,
 220 S.E.2d 97, 98 (1975) (holding that judgment on the pleadings was inappropriate where
 “matters outside the pleadings were presented to and considered by the court”). Even so, the
 Underlying Order’s grant of judgment on the pleadings in the alternative illuminates the
 possible bases of the trial court’s dismissal of the Reformation Claim.
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 Shearin v. Brown, 2021-NCCOA-4, ¶ 11 (quoting Samost v. Duke Univ., 226 N.C. App.

 514, 518, 742 S.E.2d 257, 260 (2013)). The petition for declaratory judgment and the

 counterclaim and crossclaim for reformation took inconsistent positions on the issue

 of Jane’s intent. Prior to entry of the Underlying Order, the parties submitted plainly

 conflicting evidence on this issue to the trial court.2

¶ 32 The trial court may have determined the issue of Jane’s intent by concluding

 that it was required to disregard some of the conflicting evidence of Jane’s intent as

 a matter of law. But it is also possible that the trial court merely determined that

 the conflicting evidence of Jane’s intent was immaterial as a matter of law.

 Specifically, the trial court could have resolved the Declaratory Action by determining

 that Jane had not substantially complied with the requirements on her limited power

 of appointment, regardless of her intent. See N.C. Gen. Stat. § 31D-3-304 (2015).

 Section 31D-3-304 provides that

 [a] power holder’s substantial compliance with a formal
 requirement of appointment imposed by the donor . . . is
 sufficient if both of the following apply:

 (1) The power holder knows of and intends to
 exercise the power.

 2 This evidence included, inter alia, Orsbon’s deposition testimony denying that Jane

 intended to exercise the limited power of appointment or directed him to draft her estate
 documents to do so, Linda Montgomery’s deposition testimony that Jane did intend to
 exercise the limited power of appointment, and affidavits from various witnesses attesting
 that Orsbon had acknowledged Jane’s intent to exercise the limited power of appointment
 during a “family meeting” concerning trust administration.
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

 (2) The power holder’s manner of attempted exercise
 of the power does not impair a material purpose of the
 donor in imposing the requirement.

 Id. The Underlying Order could be based on a determination under section 31D-3-304

 that Jane’s “manner of attempted exercise . . . impair[ed] a material purpose” of the

 restrictions in Samuel’s Trust, and Defendants cannot show that Jane’s intent was

 material to, and therefore actually and necessarily determined in, the Declaratory

 Action.

¶ 33 Nor can Defendants show that the issue of Jane’s intent was material to the

 Reformation Claim, and therefore actually and necessarily determined. The trial

 court’s oral announcement could be understood as stating that reformation was

 unavailable because there was no genuine issue that Jane did not intend to exercise

 the power of appointment. But a closer examination of the Record and Underlying

 Order demonstrates that, as Wells Fargo Plaintiffs argue, the trial court likely

 determined that Jane’s intent was immaterial to the Reformation Claim. Residuary

 Beneficiaries did not cite any precedent supporting the proposition that a court may

 reform a trust under § 36C-4-415 based on the settlor’s intent to exercise a power of

 appointment that by its terms could only be exercised in the power holder’s will. The

 moving Specific Beneficiaries underscored this issue and argued that “the relief [the

 Residuary Beneficiaries] seek far exceeds the scope of permissible reformations under

 North Carolina Law.”
 WELLS FARGO BANK, N.A. V. ORSBON & FENNINGER, LLP

 2021-NCCOA-315

 Opinion of the Court

¶ 34 On these facts, Defendants cannot show with clarity and certainty that the

 issue of Jane’s intent was actually and necessarily determined in the Declaratory

 Action or Reformation Claim.3 Accordingly, collateral estoppel does not bar Wells

 Fargo Plaintiffs’ claims. See Frinzi, 344 N.C. at 414, 474 S.E.2d at 128-29. The trial

 court did not err in denying Defendants’ motion for summary judgment and granting

 Wells Fargo Plaintiffs’ motion for partial summary judgment on the defense of

 collateral estoppel.

 V. Conclusion

¶ 35 We deny Defendants’ petition for a writ of certiorari to review the Order on

 Appeal as to the defense of election of remedies. Because Defendants cannot show

 that each element of the affirmative defense of collateral estoppel is satisfied, the

 trial court did not err in denying their motion for summary judgment and granting

 Wells Fargo Plaintiffs’ motion for partial summary judgment as to that defense.

 AFFIRMED.

 Judges ZACHARY and HAMPSON concur.

 3 We therefore need not reach Wells Fargo Plaintiffs’ additional arguments that
 collateral estoppel cannot apply here.